## (February 6, 1964)

■ ESTHER JAMES, Respondent, v. ADAM C. POWELL, JR., Appellant.— Judgment in favor of plaintiff unanimously reversed, on the law, on the facts and in the exercise of discretion, the verdict vacated and a new trial granted, with costs to defendant-appellant, unless plaintiff stipulates to accept, in lieu of the award by verdict, $11,500 as compensatory damages and $35,000 as punitive damages, in which event, the judgment is modified to that extent and as so modified, affirmed, with costs to defendant-appellant. In this libel action, it is evident that the jury verdict is grossly excessive in the award for punitive damages and that a verdict in excess of $35,000 for such damages is not warranted by the record. Settle order on notice. Concur — Botein, P. J., Breitel, Valente, McNally and Bastow, JJ.

## (February 13, 1964)

■ In the Matter of 440 EAST 62ND ST. Co., Respondent, v. TAX COM-MISSION OF THE CITY OF NEW YORK, Appellant.— Order, entered on or about January 24, 1963, reducing the assessment for the year 1961–62 made by respondent-appellant Tax Commission on petitioner-respondent's real property at 440 East 62nd Street, Manhattan, unanimously reversed, on the law and on the facts, and the assessment reinstated, with $20 costs and disbursements to appellant. Construction of the subject building, a 19-story and basement apartment house, commenced on March 7, 1960. As it was not ready for occupancy on January 25, 1961 which was "the twenty-fifth day of January following" the commencement of construction — it was exempt from so-called progress assessment " unless it shall be ready for occupancy or a part thereof shall be occupied prior to the fifteenth day of April " (New York City Administrative Code, § 157–1.0). The issue between the parties is whether the building was ready for occupancy on the critical date. As we read the record, it was. Especially noteworthy are the following circumstances, to which, in our opinion, insufficient weight was given below. By April 17 peti-tioner had spoken to its architect regarding an application for a temporary certificate of occupancy and on April 20 the application was verified. If ready for occupancy on April 20, the building must also have been ready five days earlier, for the evidence of the work done during those days shows none under-taken of a nature materially necessary for occupancy. That tenants began moving in during May and June is also a forceful factor when the purpose of the code provision is considered — to provide "'a limited exemption from taxation during the time when no income would be derived from the capital invested'" (Matter of Sutton-53rd Corp. v. Tax Comm., 7 N Y 2d 416, 421). Settle order on notice. Concur — Botein, P. J., McNally, Stevens, Steuer and Witmer, JJ.